**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACINTO RAYMUNDO-CEDILLO, | No. 16-73646 |
| Petitioner, | Agency No. A206-727-058 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before: FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Jacinto Raymundo-Cedillo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part and dismiss in part the petition for review.

Raymundo-Cedillo does not challenge the agency's finding that the proposed social group of "youth being recruited into gang membership against their will" was not cognizable. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). To the extent Raymundo-Cedillo raises new proposed social groups based on characteristics that he did not raise before the agency, we lack jurisdiction to consider them. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's conclusion that Raymundo-Cedillo failed to establish he was or would be persecuted on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial" (emphasis in original)); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Raymundo-Cedillo's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Raymundo-Cedillo failed to show it is more likely than not he will be tortured by

2

or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject Raymundo-Cedillo's contentions that the agency erred in its analysis of his case.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**